## SUPREME COURT.

THE CAMDEN BANK vs. CHARLES M. RODGERS and LLOYD L. BRITTON.

Every action must now be prosecuted by the *real party in interest.*

Where the plaintiffs—a bank—sued on a draft payable to the order of W. B. S., their

cashier, and the complaint alleged that it was delivered to the said W. B. S., cashier "*for the said Bank*," held, on demurrer to the complaint, that the action was well brought in the name of the bank.

*Albany Special Term, July,* 1849.—This was a motion for judgment on the ground of the frivolousness of the demurrer to the complaint in this action, under the 247th section of the code. The action is brought upon a draft dated April 5, 1849, payable ten days after date and drawn by the defendants upon the Commercial Bank of Albany, and payable " *to the order of W. B. Storm, Cashier,*" for $300. The complaint, after setting forth a copy of the draft, states, that the defendants " delivered the said draft to W. B. Storm, cashier of the said Camden Bank, *for the said bank,*" and that "the said draft *is now held and owned* by the said plaintiffs, and still remains due to them from the defendants." The defendants demurred to the complaint, alleging for cause that it does not state facts sufficient to constitute a cause of action.

H. H. MARTIN, *for plaintiff.*

J. G. BRITTON, *for defendants.*

HARRIS, Justice.—A declaration at common law, containing merely the same averments found in this complaint would have been bad. The draft is payable to the order of W. B. Storm, cashier, and is only transferable by endorsement. Even though it had appeared that the payee of the draft was the cashier of the plaintiffs, and had received the draft as such financial agent, it would not have been sufficient to sustain the pleading. By the custom of merchants, by force of which alone the transferree of a bill could maintain an action in his own name, the transfer could only be made by writing on the bill, and this must be alleged in the declaration. But by the code the rule which before prevailed in equity is adopted, and now " *every action must be prosecuted in the name of the real party in interest.*" The assignee of a demand, whether negotiable or not, must be the plaintiff in the action. How, then, does the case stand? The draft is payable to the order of the plaintiffs' cashier. It was delivered to him *for the bank.* The bank are the holders and the owners of the draft. These are the averments of the complaint, and taking them to be true as we do upon demurrer, who but the plaintiffs has such an interest in the draft as would entitle him to maintain an action? The payee of the draft, instead of being " *the real party in interest*" has no interest at all in the draft. The plaintiff is entitled to judgment, but the defendants may have leave to answer the complaint within ten days after service of a copy of the rule to be entered upon this decision, upon payment of ten dollars for the costs of this motion.